UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DARREN KORVER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SAGE THERAPEUTICS, INC., BARRY E. GREENE, and KIMI IGUCHI, <br><br> Defendants. | Case No.  1:24-cv-06511-LGS |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK FRIEDMAN
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ...................................................................................................................... 5

I.    FRIEDMAN SHOULD BE APPOINTED LEAD PLAINTIFF ...................................... 5

    A.    Friedman Is Willing to Serve as Class Representative ........................................... 6

    B.    Friedman Has the "Largest Financial Interest" in the Action ................................ 7

    C.    Friedman Otherwise Satisfies the Requirements of Rule 23 ................................. 8

    D.    Friedman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses .......................................................................... 11

II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11

CONCLUSION .................................................................................................................. 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229, 238 (S.D.N.Y. 1992) ...................................................................................9

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018)...........................7

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348  (S.D.N.Y. Apr. 12, 2018) ....................................10

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997)....................................9

*Foley v. Transocean Ltd.*,
272 F.R.D. 126, 131 (S.D.N.Y. 2011) .................................................................................10

*Gluck v. CellStar Corp.*,
976 F. Supp. 542, 546 (N.D. Tex. 1997) ...............................................................................9

*In re Cendant Corp. Litig.*,
264 F.3d 201, 262 (3d Cir. 2001).........................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .........................7

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285, 291 (2d Cir. 1992).........................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147, 151 (D. Del. 2005) ...................................................................................11

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) ...........................................................................7, 9

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42, 49 (S.D.N.Y. 1998) .....................................................................................9

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113, 120 (S.D.N.Y. 2010) ....................................................................................9

*Kaplan v. Gelfond*,
    240 F.R.D. 88, 94 (S.D.N.Y. 2007) .......................................................................................8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................................11

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015)....................................................................................7

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)....................................................7

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)....................................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ......................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)..........................................................................11

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................1, 5, 7, 9

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23................................................................................................................ *passim*

Mark Friedman ("Friedman") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Friedman as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Sage Therapeutics, Inc. ("Sage" or the "Company") securities between April 12, 2021 and July 23, 2024, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act.  Sage investors, including Friedman, incurred significant losses following the disclosure of Defendants' alleged fraud, which caused the prices of Sage securities to fall sharply, damaging Friedman and other Sage investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Friedman purchased or otherwise acquired 5,140 shares of Sage common stock and 246 Sage options contracts, expended $735,949 on these transactions, retained 176 open Sage options contracts as of August 4, 2023, when the truth regarding Defendants' alleged fraud began to emerge (*see* Complaint ¶¶ 5-6, 65-66), and, as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $228,305 in connection with his Class Period

transactions in Sage securities.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.  Accordingly, Friedman believes that he has the largest financial interest in the relief sought in this Action.  Beyond his considerable financial interest, Friedman also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Friedman has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Friedman respectfully requests that the Court enter an Order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Sage is a biopharmaceutical company that develops and commercializes brain health medicines.  Complaint ¶ 2.  The Company is developing, *inter alia*, zuranolone (SAGE-217/BIIB125), a neuroactive steroid for the treatment of postpartum depression ("PPD") and major depressive disorder ("MDD"), in collaboration with Biogen Inc. ("Biogen"); SAGE-718 (dalzanemdor), an oral, oxysterol-based positive allosteric modulator of the N-methyl-D-aspartate receptor for the treatment of, *inter alia*, mild cognitive impairment ("MCI") due to Parkinson's Disease ("PD"); and SAGE-324 (BIIB124), an oral

2

investigational drug for the treatment of essential tremor ("ET"), also in collaboration with Biogen. *Id.*

In May 2022, Sage announced that it had initiated a rolling submission of a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for zuranolone in the treatment of MDD. *Id.* ¶ 3. In June 2022, Sage announced that, rather than filing separate NDAs for zuranolone in the treatment of MDD and PPD, as originally intended, it would instead submit a single NDA seeking approval of zuranolone for the treatment of both MDD and PPD (the "Zuranolone NDA"). *Id.* In December 2022, Sage announced the completion of the rolling submission of the Zuranolone NDA to the FDA. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. *Id.* ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) zuranolone was less effective in treating MDD than Defendants had led investors to believe; (ii) accordingly, the FDA was unlikely to approve the Zuranolone NDA for the treatment of MDD in its present form, and zuranolone's clinical results for MDD, as well as its overall regulatory and commercial prospects, were overstated; (iii) SAGE-718 was less effective in treating MCI due to PD than Defendants had led investors to believe; (iv) accordingly, SAGE-718's clinical, regulatory, and commercial prospects as a treatment for MCI due to PD were overstated; (v) SAGE-324 was less effective in treating ET than Defendants had led investors to believe; (vi) accordingly, SAGE-324's clinical, regulatory, and commercial prospects as a treatment for ET were overstated; and (vii) as a result of all the foregoing, the Company's public statements were materially false and misleading at all relevant times. *Id.*

3

On August 4, 2023, Sage issued a press release disclosing that the FDA had only approved the Zuranolone NDA insofar as it sought zuranolone as a treatment for adults with PPD and had "issued a Complete Response Letter (CRL) for the [NDA] for zuranolone in the treatment of adults with MDD" because "the application did not provide substantial evidence of effectiveness to support the approval of zuranolone for the treatment of MDD," advising that "an additional study or studies will be needed" for that additional indication. *Id.* ¶ 5.

On this news, Sage's stock price fell $19.35 per share, or 53.6%, to close at $16.75 per share on August 7, 2023. *Id.* ¶ 6.

On April 17, 2024, Sage issued a press release disclosing that a Phase 2 study of SAGE-718 as a treatment for MCI due to PD "did not meet its primary endpoint of demonstrating statistically significant difference from baseline in participants treated with once-daily dalzanemdor [SAGE-718] versus placebo on the Wechsler Adult Intelligence Scale Fourth Edition-IV (WAIS-IV) Coding Test score at Day 42," and that, "[b]ased on the data, the Company does not plan any further development of [SAGE-718] in PD." *Id.* ¶ 7.

On this news, Sage's stock price fell $3.06 per share, or 19.58%, to close at $12.57 per share on April 17, 2024. *Id.* ¶ 8.

Then, on July 24, 2024, Sage issued a press release disclosing that a Phase 2 study of SAGE-324 as a treatment for ET "did not demonstrate a statistically significant dose-response relationship in change from baseline to Day 91 based on the primary endpoint, The Essential Tremor Rating Assessment Scale (TETRAS) Performance Subscale (PS) Item 4 (upper limb) total score, in participants with ET"; that "there were no statistically significant differences demonstrated for any dose of SAGE-324 versus placebo in the change from baseline to Day 91 on the TETRAS PS Item 4 Total Score or the TETRAS Activities of Daily Living (ADL)

4

Composite Score"; and that, "[g]iven these results, Sage and Biogen will close the ongoing open label safety study of SAGE-324 in ET and do not plan to conduct further clinical development of SAGE-324 in ET." *Id.* ¶ 9.

On this news, Sage's stock price fell $2.70 per share, or 20.64%, to close at $10.38 per share on July 24, 2024. *Id.* ¶ 10.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Friedman and other Class members have suffered significant losses and damages. *Id.* ¶ 11.

ARGUMENT

I.    FRIEDMAN SHOULD BE APPOINTED LEAD PLAINTIFF

Friedman should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Friedman satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    Friedman Is Willing to Serve as Class Representative

On August 28, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *AccessWire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Sage and other defendants, and advising investors in Sage securities that they had until October 28, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Friedman has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Friedman satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.      Friedman Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Friedman has the largest financial interest of any Sage investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).  Of the *Lax* factors, courts in this District tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See Nurlybaev*, 2017 WL 5256769, at *1; *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Friedman: (1) purchased or otherwise acquired 5,140 shares of Sage common stock and 246 Sage options contracts; (2) expended $735,949 on his transactions in Sage securities; (3) retained 176 open Sage options contracts as of August 4, 2023, when the truth regarding Defendants' alleged fraud began to emerge (*see* Complaint ¶¶ 5-6, 65-66); and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $228,305 in connection with his Class Period transactions in Sage securities.  *See* Lieberman Decl., Ex. A. To the extent that Friedman possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    Friedman Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  In addition, "[t]ypicality and adequacy of representation

8

are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296. Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Friedman.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Friedman's claims are typical of those of the Class. Friedman alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Sage, or by omitting to state material facts necessary to make the statements they did make not misleading. Friedman, like other Class members, purchased or otherwise acquired Sage securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or

omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Sage's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Friedman has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Friedman is also represented by The Schall Law Firm in this litigation. There is no evidence of antagonism or conflict between Friedman's interests and those of the Class. Moreover, Friedman has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and Friedman's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Friedman has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek

10

appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

> **D.    Friedman Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption favoring Friedman's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Friedman's ability and desire to fairly and adequately represent the Class has been discussed above. Friedman is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Friedman should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

11

Here, Friedman has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Friedman's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Friedman's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Friedman respectfully requests that the Court issue an Order: (1) appointing Friedman as Lead Plaintiff for the Class; and (2) approving Friedman's selection of Pomerantz as Lead Counsel for the Class.

Dated: October 28, 2024                    Respectfully submitted,

                                           POMERANTZ LLP

                                           */s/ Jeremy A. Lieberman*
                                           Jeremy A. Lieberman
                                           J. Alexander Hood II
                                           James M. LoPiano
                                           600 Third Avenue, 20th Floor
                                           New York, New York 10016
                                           Telephone: (212) 661-1100
                                           Facsimile: (917) 463-1044
                                           jalieberman@pomlaw.com
                                           ahood@pomlaw.com
                                           jlopiano@pomlaw.com

                                           *Counsel for Mark Friedman and Proposed*
                                           *Lead Counsel for the Class*

                                           THE SCHALL LAW FIRM
                                           Brian Schall
                                           (*pro hac vice* application forthcoming)
                                           2049 Century Park East, Suite 2460
                                           Los Angeles, California 90067
                                           Telephone: (424) 303-1964
                                           brian@schallfirm.com

                                           *Additional Counsel for Mark Friedman*

13