UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| DARREN KORVER, on Behalf of Himself and All Others Similarly Situated, | : | Civil Action No. 1:24-cv-06511-LGS |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : | REPLY IN FURTHER SUPPORT OF THE |
| vs. | : | PENSION FUNDS' MOTION FOR |
|  | : | APPOINTMENT AS LEAD PLAINTIFF |
| SAGE THERAPEUTICS, INC., BARRY E. GREENE, and KIMI IGUCHI, | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

## I. INTRODUCTION

Movant Mark Friedman ("Friedman"), an atypical individual investor in Sage Therapeutics, Inc. ("Sage") options, disingenuously argues that the Pension Funds[1] - two sophisticated institutional investors with experience serving as fiduciaries to thousands of class members - should not be allowed to jointly prosecute this litigation. *See* ECF. 25. Mr. Friedman makes this argument despite overwhelming factual and legal support for the appointment of small groups to lead securities class actions, with even significantly less robust evidentiary showings of cohesion than what has been provided by the Pension Funds. *See, e.g.*, *Pilgaonkar v. Kitov Pharms. Holdings Ltd.*, No. 1:17-cv-00917-LGS, ECF 27 (S.D.N.Y. June 15, 2017) (this Court appointing as lead plaintiff two unrelated individual investors represented by Mr. Friedman's counsel and by another lead counsel firm; no joint declaration or showing of cohesion provided); *In re Neurotrope, Inc. Sec. Litig.*, No. 1:17-cv-03718-LGS, ECF 29 (S.D.N.Y. Aug. 10, 2017) (same).[2]

Mr. Friedman's speculation about the Pension Funds' cohesion falls far short of the exacting "proof" the Private Securities Litigation Reform Act of 1995 ("PSLRA") and this Court have required to rebut the presumption that the Pension Funds are the most adequate plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). The Pension Funds have evidenced their substantial financial interest and intent to prosecute this Action vigorously. As discussed below and in their previously

---

[1]    The Pension Funds are the Steamfitters Local 449 Pension & Retirement Security Funds (the "Steamfitters") and Trust of the Retirement System of the UPR ("UPR").

[2]    *See also Weiyong Li v. Messina*, No. 1:15-cv-04010-LGS, ECF 38 (S.D.N.Y. May 29, 2015) (this Court appointing as lead plaintiff two unrelated individual investors represented by Mr. Friedman's counsel; no joint declaration or showing of cohesion provided); *Green v. Delcath Sys., Inc.*, No. 1:13-cv-03116-LGS, ECF 20 (S.D.N.Y. Apr. 2, 2013) (this Court appointing five unrelated individual investors as lead plaintiff represented by Mr. Friedman's counsel; rejecting competing motion of individual investor arguing against group).

filed papers (ECF 17-20, 26), the Pension Funds have the largest financial interest, are a permissible group, are presumed the "most adequate plaintiff" under the PSLRA when determined to have the largest financial interest in the relief sought by the class, and are not subject to any conflicts of interest or unique defenses. As such, the Pension Funds should be appointed as Lead Plaintiff in this Action.[3]

## II.     ARGUMENT

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The statute's text explicitly instructs that a group may be afforded the presumption of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As demonstrated in the Pension Funds' Memorandum of Law in Opposition to Competing Lead Plaintiff Motions (the "Pension Funds' Opposition) (ECF 26), under the *Lax-Olsten* test, the Pension Funds have the greatest financial interest in the relief sought by the class. *See* ECF 26 at 3, 7-9.

Pursuant to the PSLRA, the Pension Funds' presumptive status can be rebutted "only upon proof by a member of the purported plaintiff class" that the "presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). "Courts in this Circuit have required '***exacting proof***' to disqualify the presumptive lead plaintiff." *Baxter* v. *MongoDB, Inc.*, 2024 WL 4753605, at *7 (S.D.N.Y. Nov. 12, 2024) (Woods, J.) (appointing group of two institutional investors).[4] Indeed,

---

[3]    Movants Kapila Wijayatilleke and Edward Freedman filed notices withdrawing their lead plaintiff motions on October 30, 2024, and November 11, 2024, respectively. *See* ECF 23-24.

[4]    Unless otherwise noted, all emphasis is added and citations are omitted.

"opposing movants must offer more than 'mere speculation' to rebut the presumption of adequacy." *Id.*[5] Mr. Friedman offers no such proof.

### A. Mr. Friedman's Counsel's Repeated Filing of Lead Plaintiff Motions on Behalf of Groups of Unrelated Investors Contradicts Mr. Friedman's Arguments

In his opposition to the Pension Funds' Motion, Mr. Friedman argues that the Pension Funds are an improper attorney-driven group. *See* ECF 25 at 8-16. Mr. Friedman's argument is betrayed by decades of jurisprudence. Moreover, Mr. Friedman's assertion rings hollow given that his proposed lead counsel has repeatedly filed lead plaintiff motions on behalf of groups of unrelated applicants, not only with this Court (*see supra* at 1, n.1) but also with other courts in this District and around the country.

Indeed, over the past year, in just this District, Mr. Friedman's counsel has filed at least twenty-eight separate motions on behalf of lead plaintiff applicants. Five of those applications included groups of unrelated entities and/or individuals.[6]

| Case | Name of Group | Group Members | Signatory of Motion |
|---|---|---|---|
| *Wang v. STMicroelectronics N.V.*, No. 1:24-cv-06370-AKH, ECF 16-19 (S.D.N.Y. Oct. 22, 2023) | STM Investor Group | Faith Close, Hassan Ibrahim, and Aya Zalat (Ibraham and Zalat are married; unrelated to Close) | Jeremy A. Lieberman of Pomerantz; names Bronstein, Gewirtz & Grossman LLC as additional counsel |

---

[5] *See also The Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject.").

[6] *See also* Declaration of Mitchell M.Z. Twersky in Support of Reply in Further Support of the Pension Funds' Motion for Appointment as Lead Plaintiff ("Twersky Reply Decl."), Exs. A-E (joint declarations filed by Pomerantz on behalf of lead plaintiff applicant groups in the Southern District of New York over the past year), filed concurrently herewith.

| Case | Name of Group | Group Members | Signatory of Motion |
|---|---|---|---|
| *In re: Global Cord Blood Corp Sec. Litig.*, No. 1:24-cv-03071-PKC, ECF 49-51 (S.D.N.Y. June 24, 2024) | MW Gestion and Lewko | MW Gestion (on behalf of itself and MW Optimum) and Mark Lewko (Lewko is unrelated to the other applicants) | Jeremy A. Lieberman of Pomerantz |
| *In re: Perion Network Ltd. Sec. Litig.*, No. 1:24-cv-02860-VEC, ECF 35-38 (S.D.N.Y. June 17, 2024) | Menora and Clal | Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., Menora Mivtachim Vehistadrut Hamehandesim Nihul Kupot Gemel LTD (collectively "Menora"); Clal Insurance Company Ltd., Clal Pension and Provident Ltd., and Atudot Pension Fund for Employees & Independent Workers Ltd. (collectively "Clal") (Menora and Clal are unrelated) | Jeremy A. Lieberman of Pomerantz |
| *Lucid Alternative Fund, LP v. Innoviz Techs. Ltd.*, No. 1:24-cv-01971-AT, ECF 23-26 (S.D.N.Y. May 14, 2024) | Tesler and Leon | Havey Tesler and Joel Leon | Jeremy A. Lieberman of Pomerantz; names Bronstein, Gewirtz & Grossman LLC as additional counsel |
| *Pack v. LuxUrban Hotels Inc.*, No. 1:24-cv-01030-PAE, ECF 17-20 (S.D.N.Y. Apr. 12, 2024) | Fund and Marchetta | zCap Equity Fund LLC and Ross Marchetta | Jeremy A. Lieberman of Pomerantz; names Portnoy Law Firm as additional counsel |

While it is true that courts in this District do not blindly appoint large groups of unrelated

individual investors, the PSLRA, Securities and Exchange Commission, and Supreme Court

expressly allow or have endorsed the appointment of cohesive groups of institutional investors as lead plaintiff.[7]  Consequently, courts in this District regularly determine that a small group of sophisticated institutions that can make decisions jointly may be appointed as lead plaintiff.  *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (Chin, J.) ("the group is comprised of large public pension funds" and "are thus the type of sophisticated institutional investors envisioned by Congress in the enactment of the PSLRA"); *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (Buchwald, J.) (same).  This is so even where a competing movant claims to have suffered a larger individual loss.[8]  In fact, many of the largest securities class action recoveries in this District and around the country were achieved in cases led by groups of investors just like the Pension Funds.[9]

---

[7]    As the Supreme Court itself recognizes, "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest." *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018).

[8]    *Baxter*, 2024 WL 4753605, at *5 ("The fact that Mr. Walker suffered the single largest individual loss of all the movants does not change the conclusion that the Pension Funds collectively have the largest financial interest."); *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at *3 (S.D.N.Y. June 1, 2023) (Cronan, J.) ("The Court therefore considers the most adequate plaintiff presumption by assessing the financial interest in this action possessed by the individual movant – *i.e.*, San Antonio – and the aggregate financial interests possessed by each of the group movants – *i.e.*, the group consisting of Miami and Louisiana Sheriffs, and the group consisting of Birmingham, El Paso, and Wayne County – not by assessing the financial interests possessed by the individual entities within those groups."); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 n.10 (E.D.N.Y. 2018) ("the Court notes that, in keeping with the PSLRA policy allowing for aggregation of losses within lead plaintiff groups, other courts have also rejected arguments that a greater loss by an individual group member should override the presumption in favor of the ***group*** with the largest loss") (emphasis in original).

[9]    *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2013 WL 1558686, at *1-*2 (S.D.N.Y. Apr. 11, 2013) (Castel, J.) ($2.425 billion recovery achieved by five institutions as lead plaintiff); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 252 n.1, 261 (D.N.H, Dec. 19, 2007) ($3.2 billion recovery achieved by five institutions as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 217 (3d Cir. 2001) ($3.2 billion recovery achieved by three institutions as lead plaintiff); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 2016 WL 11575090, at

The Pension Funds have unquestionably demonstrated that its members are prepared, qualified, and eager to cohesively represent the investor class in this case. Like other groups appointed lead plaintiff in this District, the Pension Funds have evidenced their qualifications to serve as lead plaintiff in this case. *See*, *e.g.*, ECF 18 at 4-7; ECF 19-4. Among other things, their Joint Declaration (ECF 19-4) confirms that the Pension Funds' decision to move jointly stemmed from their past positive experiences serving as representative parties in small groups, as well as their complementary trading pattern in Sage stock. *See* ECF 19-4 at ¶6. In addition, the Pension Funds "communicated regarding the merits of this action, the status of the proceedings, the responsibilities of a lead plaintiff," and the "ability to work together and to collaboratively assume the role of lead plaintiff." *Id.* at ¶7. The Pension Funds have overseen prior securities class actions (individually and as part of groups) and have made clear their commitment to leverage that experience to maximize the recovery for all class members. *Id.* Likewise, the Pension Funds have attested to their selection of Robbins Geller and AF&T – which are both currently serving as lead counsel in a case led by UPR – as evidence of their ability to act cohesively in performing Lead Plaintiff obligations and responsibilities.[10] Indeed, this showing has been repeatedly accepted by

*1, *6 (D.N.J. June 28, 2016) ($1.062 billion recovery achieved by institution and individuals as lead plaintiff).

[10]   *See Porter v. Graftech Int'l Ltd.*, 2024 WL 2189642, at *14 (N.D. Ohio May 15, 2024) (Robbins Geller and AF&T serving as lead counsel in case led by UPR); *see also, e.g.*, *Jaszczyszyn v. SunPower Corp.,* No. 3:22-cv-00956-AMO (N.D. Cal.) (Robbins Geller serving as lead counsel in case led by Steamfitters); *see generally Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, 2021 WL 6072812, at *5 (D. Md. Dec. 23, 2021) ("Here, each of the two members of the group is a sophisticated institutional investor that had a pre-litigation relationship with their counsel even if not with each other.").

   Mr. Friedman's argument regarding co-lead counsel is similarly disingenuous. *See* ECF 26 at 15-16. Indeed, Robbins Geller and Pomerantz were appointed and are currently working together as co-lead counsel in *Steamfitters Loc. 449 Pension & Ret. Sec. Funds v. Sleep No. Corp.*, 2022 WL 1607306, at *7 (D. Minn. May 20, 2022). AF&T and Pomerantz were appointed and are currently working together as co-lead counsel in *Sayce v. Forescout Techs., Inc.*, No. 20-CV-00076-SI, 2020 WL 6802469, at *8 (N.D. Cal. Nov. 19, 2020). As noted by the *Sleep Number*

courts in this District as a sufficient showing of adequacy, and is similar to materials submitted by

Mr. Friedman's counsel, Pomerantz, in support of applicants seeking to serve as lead plaintiffs in

this District. *See, e.g.,*Twersky Reply Decl., Exs. A-E.[11]

Moreover, following recent Supreme Court authority regarding the expiration of the statute

of limitations and statute of repose in securities cases, district courts across the country have

routinely recognized the desirability for putative classes to be led by small groups of institutional

investors similar to the Pension Funds. *See, e.g., Gross v. AT&T Inc.*, 2019 WL 7759222, at *2

(S.D.N.Y. June 24, 2019) (Caproni, J.); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,

2020 WL 815136, at *8 (E.D. Pa. Feb. 19, 2020); *Doherty v. Pivotal Software, Inc.*, 2019 WL

5864581, at *12 (N.D. Cal. Nov. 8, 2019). The court's decision in *Allegheny County* is particularly

notable because it addressed the same hypocritical stance Mr. Friedman takes here:

> I find merit in the Group's contention that the aggregation of highly sophisticated
> institutional investors is materially different from an alliance of large numbers of
> small investors connected by lawyers. . . . Indeed, [the competing movant] has
> recognized just such a distinction in arguments before other federal courts where it

---

court, the "'PSLRA does not expressly prohibit the lead plaintiffs from selecting more than one law firm to represent the class.'" 2022 WL 1607306, at *7. Therefore, based on the materials submitted, the court appointed both co-lead counsel "'provided that there is no duplication of attorney's services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses.'" *Id.* (citing *In re Donnkenny Inc. Sec. Litig.,* 171 F.R.D. 156, 158 (S.D.N.Y. 1997)). Needless to say, the Pension Funds and their selected lead counsel will ensure that this litigation is prosecuted efficiently without duplication of services.

[11]  *See In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *3-*7 (S.D.N.Y. Apr. 16, 2024) (Ramos, J.) (finding unrelated group cohesive where its members attested that "'they fully understand the Lead Plaintiff's responsibilities and obligations to the class'" and appointing group as lead plaintiff); *Lian v. Tuya Inc.*, 2022 WL 17850134, at *4 (S.D.N.Y. Dec. 22, 2022) (Cronan, J.) (adequacy of group of two unrelated individual investors supported by their discussion of "'the claims against defendants, serving jointly as lead plaintiff, and ensuring that the class's claims will be efficiently and zealously prosecuted by [their] oversight of [their] proposed lead counsel'"); *San Antonio*, 2023 WL 3750115, at *8 (plans for cooperation demonstrated by movants' commitment in joint declaration to "'continu[ing] to communicate with each other and [to] provide guidance, insight, and direction to Robbins Geller and on major litigation events'").

sought approval for smaller groups of investors with which it had joined to serve as lead plaintiff.

2020 WL 815136, at \*8 (appointing institutional investor group over an institution claiming single largest loss). The situation is no different here.[12] As such, there is no basis to accept Mr. Friedman's argument against the Pension Funds' motion in this case.

### B. Mr. Friedman's Status as an Options Trader and a Net Gainer, Net Seller Renders Him Atypical

As detailed in the Pension Funds' Opposition, Mr. Friedman's claimed losses were all incurred on options transactions, rather than publicly traded common stock. Mr. Friedman who suffered all (or even most) of his losses on options is atypical of the class (which consists of primarily of stockholders) and subject to unique reliance defenses that threaten to become the focus of the litigation. *See* ECF 26 at 7-8. Mr. Friedman is also atypical because he was both a "net seller" and "net gainer" by virtue of having sold 4,000 more Sage securities during the putative class period than he purchased, and having received proceeds of roughly $4,650 more from his putative class period sales of Sage securities than he expended purchasing Sage securities during the putative class period. *Id.* at 8-9.

As such, Mr. Friedman's inability to satisfy Rule 23's typicality requirements due to his reliance on options transactions for 100% of his financial interest in the relief sought by the

---

[12] The mere fact that the Pension Funds did not share a pre-existing relationship before the filing of the complaint in this Action is not fatal to their attempt to be appointed lead plaintiff. Indeed, the "majority view" is that "unrelated investors may aggregate." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (Scheindlin, J.); *see also In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018) ("The majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class."). In fact, one court has even suggested that "a group of diverse investors who did not know each other previously could be in a better position to represent a large and diverse class of investors than one investor would be." *Cushman v. Fortress Biotech, Inc.*, 2021 WL 1526172, at \*2 (E.D.N.Y. Apr. 19, 2021).

putative class, as well as his status as a net gainer and net seller, provides an independent basis for rejecting his lead plaintiff candidacy.

## III. CONCLUSION

The Pension Funds possess the largest financial interest in the relief sought by the putative class. They are entirely typical and adequate of the putative class. The PSLRA requires proof to rebut the presumption that the most adequate plaintiff – here, the Pension Funds – should be appointed lead plaintiff. Instead of proof, Mr. Friedman proffers a strawman argument undermined by the overwhelming majority of legal authority and by his counsel's own prior federal court filings. Consequently, the Court should find that Mr. Friedman has not met his heavy burden to rebut the presumption in favor of the Pension Funds' appointment as lead plaintiff. Accordingly, the Pension Funds respectfully request that the Court grant their motion.

DATED: November 19, 2024

Respectfully submitted,

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
ATARA HIRSCH

_s/ Mitchell M.Z. Twersky_
MITCHELL M.Z. TWERSKY

450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
ahirsch@aftlaw.com

ROBBINS GELLER RUDMAN  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com


Proposed Lead Counsel for Proposed Lead Plaintiff