```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  DARREN KORVER,                                              :
                                                              :
                                       Plaintiff,             :   24 Civ. 6511 (LGS)
                                                              :
                -against-                                     :   ORDER
                                                              :
  SAGE THERAPEUTICS, INC., et al.,                            :
                                                              :
                                       Defendants.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

This action was originally commenced by Darren Korver, on behalf of himself and all others similarly situated, against Defendants Sage Therapeutics, Inc. ("Sage") and certain of its officers, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated under section 10(b), 17 C.F.R. § 240.10b-5. This order grants the unopposed motion of Steamfitters Local 449 Pension & Retirement Security Funds and Trust of the Retirement System of the UPR (collectively, the "Pension Funds") for appointment as lead plaintiffs and appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Abraham, Fruchter & Twersky, LLP ("AF&T") as co-lead counsel, pursuant to section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA.

I.     DISCUSSION

   A.     **Appointment of Lead Plaintiff**

On August 28, 2024, statutory notice was published in a national wire service. On October 28, 2024, Mark Friedman, Kapila Wijayatilleke, Edward Freedman and the Pension Funds each filed timely motions for appointment as lead plaintiff and approval of lead counsel. On October 30, 2024, Kapila Wijayatilleke filed a notice of withdrawal of his motion. On November 11, 2024,

Edward Freedman filed a notice of withdrawal of his motion. On November 22, 2024, Mark Friedman filed notice of withdrawal of his motion, leaving only the Pension Funds' motion.

### 1. Applicable Law

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. Under the PSLRA, the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once the presumption is established, it may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2. Presumptive Lead Plaintiff

#### a. Notice and Timeliness

The PSLRA requires that a plaintiff who files a securities class action must publish, "in a widely circulated national business-oriented publication or wire service, a notice" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). In evaluating the appointment of a lead plaintiff under the PLSRA, "courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 Civ. 1769, 2023 WL

6458930, at *2 (S.D.N.Y. Oct. 4, 2023).[1]  Here, statutory notice was timely published on August 28, 2024.  The Pension Funds timely filed their motion for appointment as lead plaintiffs on October 28, 2024.  As such, they have satisfied the first requirement to become the presumptive lead plaintiffs.

### b. Financial Interest

The second statutory requirement for the presumption is "the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The Pension Funds purchased 30,828 shares of Sage and collectively suffered approximately $247,084 in losses.  Each fund individually, however, has a smaller financial stake: the Trust of the Retirement System of the UPR purchased a total of 6,065 shares and lost $145,742.32, and the Steamfitters Local 449 Pension & Retirement Security Funds purchased 24,763 shares and lost $101,341.71.

The PSLRA "permits multiple putative class members to be appointed as lead plaintiffs." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)); *accord Baxter v. Mongodb, Inc.*, No. 24 Civ. 5191, 2024 WL 4753605, at *3 (S.D.N.Y. Nov. 12, 2024).  "Courts permit unrelated investors to move for appointment as lead plaintiff, and aggregate their financial interests, on a case-by-case basis." *Armstrong v. Med. Props. Tr., Inc.*, No. 23 Civ. 8597, 2024 WL 3784445, at *3 (S.D.N.Y. Aug. 13, 2024); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).  The PSLRA does not define what a "group" can or should be, nor how its "members" must be related to one another. *See Varghese*, 589 F. Supp. 2d at 392.  Groups with unrelated members must provide evidence that they will function cohesively and thus best serve the class. *Id*.  Courts have considered factors such as "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.* Courts will reject a group of unrelated investors if the group "has not provided sufficient evidence that it will function cohesively, and has only provided 'conclusory assurances' that call into question whether it can manage th[e] litigation effectively." *Micholle v. Ophthotech Corp.*, No. 17 Civ. 1758, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018); *accord Armstrong*, 2024 WL 3784445, at *3.

The Pension Funds are a permissible group, as they satisfy the factors described in *Varghese*. First, the Pension Funds' declaration in support of their motion does not describe a pre-litigation relationship between the two funds. "This is a negative factor but not disqualifying by itself." *Chauhan v. Intercept Pharms.*, No. 21 Civ. 00036, 2021 WL 235890, at *4 (S.D.N.Y. Jan. 25, 2021). Their declaration describes at a high-level joint involvement by the funds in preparing for the motion and joint consideration of their cooperative approach to the litigation. Their declaration also states that the funds intend to collaborate closely by making "joint decisions together in a consensual manner" and describes a unified relationship between the funds with respect to this litigation. These statements are sufficient to satisfy the second and third factors, despite their relative lack of detail, as they indicate the funds intend to work together cohesively and remain involved in litigating these claims. The funds are both experienced and sophisticated institutional investors that have participated previously in PSLRA litigation. Finally, the funds stated that they chose their counsel and not the reverse. Considering the Pension Funds as a group does not run afoul of the PSLRA's goal: "Appointing lead plaintiffs on the basis of financial interest, rather than on a 'first come, first serve' basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers." *In re Donnkenny Inc. Sec. Litigation*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997); *accord May v. Barclays PLC*, No. 23 Civ. 2583, 2023 WL 5950689,

at *13 (S.D.N.Y. Sept. 13, 2023). The Pension Funds are a cohesive group and can be considered as such for the purposes of appointing lead plaintiff.

### c. Rule 23

Lastly, a potential lead plaintiff must make a preliminary showing that it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(B)(3)(iii)(I)(cc). The Rule 23 requirements for class certification are generally referred to as numerosity, commonality, typicality and adequacy. *See Barrows v. Becerra*, 24 F.4th 116, 130 (2d Cir. 2022). Given the preliminary stage of the litigation when a lead plaintiff is appointed, a movant for lead plaintiff must show only that it meets the typicality and adequacy requirements. *See Li v. Spirit AeroSystems Holdings, Inc.*, 23 Civ. 3722, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023). A lead plaintiff's claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id*. An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Id*. Both requirements are met by the Pension Funds in this case. Like other members of the proposed class, the Pension Funds claim that Defendants issued false and misleading statements that inflated the price of Sage common stock resulting in losses to its investors. Nothing suggests that the Pension Funds have any conflict of interest with the proposed class, are subject to a unique defense or suffer any other infirmity that would impair its ability to represent the class. The Pension Funds is therefore entitled to the presumption that it is the most adequate lead plaintiff.

### d. Rebuttal

Mark Friedman initially argued against the Pension Funds' appointment on the basis that they are an improper attorney-driven group. He then withdrew his motion to be appointed lead

plaintiff and filed notice of non-opposition to the Pension Funds' motion. As discussed above, the Pension Funds are a cohesive group that may serve as a lead plaintiff. No evidence or opposition has been offered that rebuts the presumption in favor of the Pension Funds' appointment. The Pension Funds are appointed as lead plaintiff.

### B. Approval of Lead Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Court[s] generally defer[] to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20 Civ. 9132, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7.

The Pension Funds have selected Robbins Geller and AF&T as co-lead counsel. Each firm has substantial experience in the prosecution of securities fraud class actions, having served as lead or co-lead counsel in many securities class actions. *See, e.g.*, *Baxter*, 2024 WL 4753605, at *7 (appointing Robbins Geller as lead counsel); *Porter v. Graftech Int'l Ltd.*, No. 24 Civ. 00154, 2024 WL 2189642, at *14 (N.D. Ohio May 15, 2024) (appointing Robbins Geller and AF&T as lead counsel). Robbins Geller and AF&T are appointed co-lead counsel.

### II. CONCLUSION

For the foregoing reasons, the Pension Funds are appointed as lead plaintiffs, and Robbins Geller and AF&T are appointed co-lead counsel. By **December 6, 2024**, Plaintiff shall file a letter (1) seeking leave to file an Amended Complaint and proposing a date by which to do so or (2) stating that he does not seek to do so.

The Clerk of Court is respectfully directed to (1) amend the caption to read "In re Sage Therapeutics, Inc. Securities Litigation," (2) remove Darren Korver as a party on the docket, (3) designate both Steamfitters Local 449 Pension & Retirement Security Funds and Trust of the Retirement System of the UPR as "Lead Plaintiff" on the docket and (4) close the motions at Dkts. 8, 10, 13 and 17.

Dated: December 2, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE