# CHOATE

Michael Gass
t 617-248-4750
f 617-502-4750
mgass@choate.com

July 11, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

RE:    *In re Sage Therapeutics, Inc. Securities Litigation,*
      No. 1:24-cv-06511-JAV (S.D.N.Y.)

Dear Judge Vargas:

    We write in response to Plaintiffs' July 7, 2025 letter, which submits *Levon v. CorMedix Inc.*, No. CV 21-14020 (JXN) (CLW), 2025 WL 1810207 (D.N.J. June 30, 2025) as supplemental authority relevant to Defendants' Motion to Dismiss.  *See* Dkt. Nos. 77, 77-1.

    Plaintiffs incorrectly assert that *CorMedix* supports their opposition to Defendants' Motion to Dismiss.  To the contrary, *CorMedix* underscores the deficiencies in Plaintiffs' Amended Complaint because, unlike this case, the misstatement and scienter allegations at issue in *CorMedix* were highly particularized and did not rely on speculation.

    Specifically, the *CorMedix* court found that the plaintiffs adequately pleaded a material omission by alleging that defendants had identified the ability of CorMedix's third-party manufacturer to meet FDA standards as a critical risk factor and thus, had a duty to disclose two pieces of specific information in their possession that it would not meet those standards:  (a) the defendant's internal audit had concluded that the third-party manufacturer would never be able to meet FDA standards due to systemic manufacturing deficiencies, and (b) that same manufacturer had recently experienced a major contamination event at the same facility that would manufacture CorMedix's product. 2025 WL 1810207, at *4-5.  The complaint in *CorMedix* was also bolstered by credible confidential witness statements from two former employees who confirmed that defendants' executive team was aware of these negative developments yet hid them from the market.  *Id*. at *8.  As discussed in detail in Defendants' Motion to Dismiss briefing, Plaintiffs do not allege with particularity that Defendants withheld facts in their possession that precluded FDA approval.  *See* Dkt. No. 69, Opening Br. at 23-24; Dkt. No. 75, Reply Brief at 3-9.

**CHOATE HALL & STEWART LLP**

Two International Place  |  Boston MA 02110  |  **T** 617-248-5000  |  **F** 617-248-4000  |  choate.com

The Honorable Jeannette A. Vargas
July 11, 2025
Page 2

Similarly, the particularized scienter allegations in *CorMedix* stand in stark contrast to the speculative and conclusory scienter allegations here.  As the *CorMedix* court found, the allegations of specific knowledge by defendants of facts indicating that its third-party manufacturer would not pass FDA inspection, supported by credible confidential witness statements, gave rise to a strong inference of scienter.  *CorMedix*, 2025 WL 1810207, at *8-9.  The Amended Complaint in this case does not contain such credible, specific allegations of such knowledge by the Defendants. *See* Dkt. No. 69, Opening Br. at 34; Dkt. No. 75, Reply Br. at 11-12.  *CorMedix* also involved allegations that defendants had raised over $60 million in capital through public offerings during the relevant class period, whereas the Amended Complaint fails to allege any specific stock sale or offering during the class period alleged by Plaintiffs here.  *See CorMedix*, 2025 WL 1810207, at *12; Dkt. No. 75, Reply Br. at 11 n.10.

For these reasons, *CorMedix* supports granting Defendants' Motion to Dismiss.

Respectfully submitted,

Michael T. Gass

Michael T. Gass


cc:      All counsel of record (via ECF)